IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID HALPERN, *et al.*, | ) | CASE NO. 1:07 CV 2730 |
| | ) | |
| Plaintiffs, | ) | JUDGE LESLEY WELLS |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| ATLAS VAN LINES INC., | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Defendant. | ) | |

## Introduction

Before me by referral[1] is a motion by defendant Atlas Van Lines, Inc. for an order

directing plaintiffs David and Barbara Halpern to show cause why they should not be held

in contempt for allegedly failing to comply with a discovery order in this case and for the

imposition of sanctions under Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure.[2] The

Halperns have responded in opposition to this motion,[3] to which Atlas has filed a reply.[4]

For the reasons that follow, I will recommend that the motion be denied.

---

[1] ECF # 21.  As will be clear in the later discussion, Atlas in its reply brief, filed after the plaintiffs complied with the discovery order, actually appears to change its plea for relief from that contained in its motion to show cause to one seeking dismissal of the claims plus costs and fees.

[2] ECF # 18.

[3] ECF # 19.

[4] ECF # 20.

## Facts

The underlying matter involves a claim by the Halperns against Atlas for damages to household goods purportedly incurred during a move in 2005.[5]  In June, 2008, the Court granted a partial summary judgment to Atlas, narrowing the claims at issue to just six items.[6]

Atlas, on August 14, 2008, thereupon propounded interrogatories to the Halperns under Rule 33 of the Federal Rule of Civil Procedure and a request for production of documents pursuant to Rule 34 related to their claims concerning the six items remaining in the case.[7]  When no response to the interrogatories or the request for production was forthcoming within 30 days, Atlas, on September 30, 2008, wrote to counsel for the Halperns advising him that, unless the discovery requests were met by October 10, 2008, Atlas would file a motion to compel.[8]

A motion to compel and to recover expenses connected with compelling compliance with the discovery ordered by the Court was filed by Atlas on October 20, 2008.[9]  In a non-document entry of November 13, 2008, the Court granted the motion to compel compliance with its order permitting discovery but reserved judgment as to sanctions.

---

[5] ECF # 1.

[6] *See*, ECF # 16 at 6 n.4.

[7] ECF # 17, Ex. A.

[8] *Id*., Ex. B.

[9] *Id*.

Atlas filed the present motion for the Halperns to show cause why they should not be found in contempt and for sanctions on November 25, 2008.[10] The motion contends that Atlas, as of the date the motion was filed, had heard nothing from the Halperns as to compliance with the Court-directed discovery despite both the Court's order and the previously-referenced letter from Atlas's counsel.[11]

The Halperns, on December 8, 2008, filed five pages of answers to Atlas's interrogatories and 121 pages of documents in response to the request for production.[12] They also responded to the motion to compel, by arguing that it was moot, and to the motion for sanctions, by arguing that any delay between the Court's order and full production "was not out of contempt either for the process or for this Court; but only because Plaintiffs were preparing a complete response."[13]

Atlas, in turn, filed a reply asserting that the Halperns's response did not explain why they did not comply with the discovery order until "multiple motions" had been filed by Atlas nor why the documents actually produced, many of which appear to have been printed in 2006, could not have been produced in a more timely fashion.[14] Moreover, Atlas contends that the documents produced did not include receipts for the purchase price of the

---

[10] ECF # 18.

[11] *Id.*

[12] ECF # 19, Ex. 1 (answers to interrogatories); Ex. 2 (response to request for production).

[13] *Id.* at 1.

[14] ECF # 20 at 1, 2.

items at issue and represented nothing more than "plaintiffs' counsel essentially scann[ing] his entire file for plaintiffs into electronic form and email[ing] it to Atlas."[15]

Atlas concludes that the Court should either dismiss the remaining claims or award it costs, including attorney fees, incurred in filing the current motions.[16]

## Analysis

### A.    Standard of review

Rule 37(a)(5)(A)[17] of the Federal Rules of Civil Procedure provides in pertinent part, as follows:

> If ... the disclosure or requested discovery is provided after the motion [to compel] was filed – the court *must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.  But the court *must not* order this payment if:
>
> > (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> >
> > (ii) the opposing party's nondisclosure, response or objection was substantially justified; or
> >
> > (iii) other circumstances make an award of expenses unjust.[18]

---

[15] *Id*. at 2.

[16] *Id*. at 3.  As mentioned earlier, this appears to be a change in relief sought from the motion to compel.

[17] "Prior to amendment of Rule 37 effective December 1, 2007, the same authority was found at Federal Rule of Civil Procedure 37(a)(4)."  *Acker v. Workhorse Sales Corp.*, No. 06-cv-14467, 2008 WL 1902034, at *3 n.1 (E.D. Mich. April 28, 2008).

[18] Emphasis added.

Essentially, as one court recently observed in *State Farm Mutual Automobile Insurance Company v. Hawkins*,[19] this rule "*compels* the court to levy sanctions unless one of the exceptions is met."[20]

In that regard, as concerns the exceptions to an award of fees, the Sixth Circuit teaches in *Doe v. Lexington-Fayette Urban County Government*,[21] that a party meets the "substantially justified" standard if "there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action."[22]  As further concerns the exception for when an award of fees would be "unjust," the Sixth Circuit's well-known test for evaluating the imposition of sanctions under the previous wording of Rule 37 seems appropriate for providing some limited guidance in light of the current language of Rule 37:

> The first factor is whether the party's failure to cooperate in discovery is due to willfulness, bad faith or fault; the second factor is whether the adversary was prejudiced by the party's failure to cooperate in discovery; the third factor is whether the party was warned that failure to cooperate could lead to the sanction; and the fourth factor in regard to dismissal is whether less drastic sanctions were first imposed or considered.[23]

---

[19] *State Farm Mut. Auto. Ins. Co. v. Hawkins*, No. 08-CV-10367-DT, 2008 WL 5383855 (E.D. Mich. Dec. 23, 2008).

[20] *Id.*, at *4 (emphasis added); *accord*, *Cobell v. Norton*, 226 F.R.D. 67, 90 (D.D.C. 2005) ("the language of the Rule is *mandatory*, dictating that the Court must award expenses upon granting a motion to compel disclosure unless one of the specified bases for refusing to make such an award is found to exist") (emphasis added).

[21] *Doe v. Lexington-Fayette Urban County Gov't*, 407 F.3d 755 (6th Cir. 2005).

[22] *Id.* at 765 (citation omitted).

[23] *Id.* at 766.

Whether or not to impose sanctions for failure to comply with discovery orders is a matter committed to the court's discretion.[24]  An abuse of discretion will only be found if (1) the decision was based on an erroneous conclusion of law, (2) the findings are clearly erroneous, or (3) the decision is clearly unreasonable, arbitrary, or fanciful.[25]

**B.    Atlas is entitled to an award of expenses.**

Here, I recommend finding that the record supports an award of expenses, including attorney's fees, to Atlas for those costs reasonably incurred in bringing the motion to compel.

Initially, I note that the Halperns' argument that this controversy is "moot" because the discovery sought has already occurred is not relevant to the question of whether sanctions under Rule 37 are warranted.  Indeed, the text of the rule itself provides that discovery after filing for sanctions is the trigger for the imposition of an award of reasonable expenses to the moving party unless certain exceptions can be established.[26]  Thus, while I recommend finding that the motion to show cause is moot, I also recommend finding that the motion for an award of reasonable expenses, including attorney's fees, incurred by Atlas in bringing the motion to compel is not moot.

Next, I recommend finding that, pursuant to the requirement of the rule, the Halperns have been afforded an opportunity to be heard prior to the decision to award expenses to

---

[24] *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 642 (1976).

[25] *Youn v. Track, Inc*., 324 F.3d 409, 420 (6th Cir. 2003).

[26] *See*, *U.S. Aprons v. R-Five*, No. 7:08-cv-5003, 2009 WL 103593, at *1 (D. Neb. Jan. 14, 2009).  "To the extent plaintiff's motion seeks an order requiring the defendant to respond to plaintiff's discovery requests, the motion is moot.  However, the request for attorney's fees and costs is not moot."

Atlas. As the court in *State Farm* noted, the written filings concerning Atlas's motion, such as were tendered here by each side, are sufficient under the rule to establish that the Halperns were "given an opportunity to be heard" prior to any award of expenses.[27]

Thus, I recommend finding that Atlas has met the *prima facie* requirements for an award of expenses, subject to a review of those factors stated in the rule, that would mandate that an award not be made.

In that regard, I note first, that the record is plain that the Halperns did not take any steps toward complying with Atlas's discovery requests until after Atlas filed the motion to compel. The record also shows that Atlas attempted in good faith to resolve the matter with the Halperns before getting this Court involved, including informing counsel for the Halperns that failure to comply with the request – and this Court's order – would result in Atlas filing a motion to compel. Thus, I recommend finding that the first exception to an award of expenses – that Atlas moved to compel before seeking, in good faith, to resolve the matter without court action – does not apply here.

I note further that the issue of whether the Halperns' refusal to timely comply was "substantially justified" should be resolved in favor of Atlas. The Halperns have advanced no reason for noncompliance beyond the claim that they wanted their eventual response to be "a complete response." The fact that most of the documents produced, as Atlas indicates, bear markings showing that they were created in 2006 and, thus, readily available for timely production, does not support the Halperns' self-serving statement that their failure to make

---

[27] *State Farm*, 2008 WL 5383855, at *4 (citations omitted).

any communication with this Court or Atlas for nearly three weeks after receiving a court order compelling compliance was for the greater good of a complete record.

In addition, the very limited nature of the outstanding discovery – just six items claimed to be damaged – and the relatively small amount of material eventually produced[28] – also weigh against finding any substantial justification for not complying with the Court's order.[29]  Moreover, the absence of any request for an extension of time directed to this Court premised on the need to examine other sources of records and mindful that the Court had already ordered compliance also mitigates against finding that there was any substantial justification for the Halperns' actions.   I, therefore, recommend finding that their nonreponsiveness within the parameters of this Court's order was not substantially justified.

Finally, as to the final factor that could preclude an award of expenses – unjustness of such an award – I recommend finding that the Halperns have produced nothing that could support such a finding.  They were given a good faith opportunity to resolve the matter without the need for this Court's participation and responded simply with silence.  Similarly, when told that continued failure to respond would require Atlas to file a motion to compel, and further when confronted by the Court's order to compel, the only response was to ignore them both, without, as previously noted, any substantial justification for so doing.  I thus

---

[28] Five pages of answers to interrogatories and just 121 pages of documents.

[29] *See*, *DL v. Dist. of Columbia*, 251 F.R.D. 38, 49 (D.D.C. 2008).  The fact that over 6,000 documents were turned over after a motion to compel was filed demonstrated that the motion was "the only adequate remedy available" to obtain discovery of documents already assembled by defendants.

recommend finding that there is nothing in the record to support a conclusion that the mandatory award of expenses would be unjust.

Accordingly, I recommend that Atlas be permitted to receive its reasonable expenses, including attorney's fees, incurred in filing and defending its motion to compel, such expenses to be strictly limited to the expenses incurred in making the motion to compel and prosecuting that motion.[30]

In addition, I recommend, given that the rule permits expenses to be taxed against either the party or the attorney advising the party, that the Halperns' counsel and not the plaintiffs personally be ordered to pay these expenses.[31]  There is nothing in the record to show that the Halperns personally were aware of this situation or directed their attorney to act as he did in this regard.

Accordingly, based on the foregoing, I recommend the following resolutions of Atlas's motions insofar as they seek anything other than an award of reasonable expenses connected with Atlas's filing of the motion to compel:

---

[30] *See*, *Hall v. Gov't Employees Ins. Co.*, No. 5:07-cv-332(HL), 2008 WL 2704595, at *1 (M.D. Ga. July 3, 2008).  Recovery of expenses under the rule is limited to the motion to compel.  Expenses connected with reviewing "inadequate discovery responses, conferring with [opposing] counsel about the discovery issues, and developing a strategy regarding plaintiff's objections to discovery requests ... is not compensable."

[31] *See*, *Meridith v. Great Wolf Lodge of Kansas City*, No. 07-2529-DJW, 2008 WL 5109764, at *1 (D. Kan. Dec. 2, 2008).  "The sanctioning of a party, as opposed to the party's counsel, requires specific findings that the party was aware of, and/or responsible for, the wrongdoing."

1.   Insofar as the pending motions seek to have the Halperns show cause why they should not be found in contempt for noncompliance with this Court's discovery order, I recommend that such motion or portions of motions be found moot, for the reasons stated above.

2.   As to any motion or parts of any motion that seeks to dismiss any of the Halperns' claims as a remedy for noncompliance with discovery ordered by the Court, I recommend that such relief be denied, on the basis that, under the circumstances here, the relevant rule appears to contemplate an award of reasonable expenses incurred in connection with filing a motion to compel as the appropriate remedy.

Based on the foregoing, I further recommend as follows:

1.   that Atlas be awarded its reasonable costs, including attorney's fees, incurred in filing and prosecuting the motion to compel;

2.   that within seven days of any order awarding expenses that Atlas be ordered to furnish the Court and counsel for the Halperns with an itemized accounting of its compensatory expenses; and

3.   that counsel for the Halperns shall then be ordered to pay that amount within seven days thereafter or file any specific objections as to any item of expense with the Court.


Dated:   January 30, 2009                          s/ William H. Baughman, Jr.
                                                   United States Magistrate Judge


## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.[32]

---

[32] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

-10-